WERTHEIMER, Defendant in Error, v. MAYOR, COUNCILMEN, AND CITIZENS OF BOONVILLE, Plaintiffs in Error.

1. In cases arising under the ordinances of the city of Boonville in which the fines assessed do not exceed the sum of five dollars, the decision of the mayor is final; it can not be reviewed on appeal or *certiorari ;* nor can a writ of prohibition be resorted to to restrain the collection of the fine

*Error to Cooper Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Stephens & Vest,* for plaintiff in error.

I. Fresh fish are not wild game within the meaning of the ordinance.

II. This is not such a case as will warrant the issuing of a writ of prohibition.  We have no statute regulating the remedy by prohibition.  (See 1 Chitt. Pl. 444.)  The suit will not lie to prevent a court from deciding erroneously, nor from enforcing an erroneous judgment.  It can be sustained only for preventing usurpation of judicial power by a court which has no authority to decide the cause in which it assumes the right to act judicially.  (See 3 Black. Comm. 112; Com. Dig. tit. Prohibition; 5 Bac. Abr. Prohibition; 2 Saunders, Prohibition; 2 H. Bl. 533; 3 Bouvier's Inst. 93; Arnold v. Shields, 5 Dana, 20; Washburn v. Phillips, 2 Metc. 296; 2 Hill, 367, 363; 7 Wend. 518.)  The mayor of Boonville had jurisdiction in the case in which he was attempting to proceed.  He imposed a fine for an alleged violation of a city ordinance.  The mayor's construction of the ordinance may have been erroneous.  He decided the case and exercised jurisdiction.  (3 Pet. 206.)  The Cooper court of common pleas, having no appellate jurisdiction or control over the mayor's court and no jurisdiction over the subject matter in controversy, had no right to issue a writ of prohibition.  If any court could issue the writ, the circuit court alone could.  It could not review the decision on appeal, or in any other way.  A superior court can not issue a writ of prohibition unless it possesses jurisdiction over the subject matter in contest.  (Bac. Abr. Prohibition; Reese v. Lawless, 4 Bibb, 394; 2 Chitt. Pr. 355; 19 Louis. 175; 12 Gratt, 17.)  The court of common pleas is not a superior court to the mayor's court.  They act in different spheres entirely.  No appeal lies from the mayor's court to the court of common pleas.  (See 4 Burr. 2034; 2 T. R. 473.)

*Douglass & Hayden* and *Hicks*, for defendant in error.

I. There is nothing in the record to show that any error has been committed by the court of common pleas.  No ordinance is in evidence requiring fish to be sold at the market-house.  The judgment will be presumed to be correct. (18 Mo. 256; 24 Mo. 522; 16 Mo. 384; 9 Mo. 441, 816; 5

Mo. 522.)  No question of law is saved.  (19 Mo. 433.)
There was no motion for a new trial.  (11 Mo. 358, 623 ; 6
Mo. 162.)   The court could not take judicial notice of the
ordinances.   (See 21 Mo. 112 ; 25 Mo. 567 ; 25 Mo. 580.)
But upon the merits there is no error.   Fish are wild game
within the meaning of the ordinance, if there was any such
ordinance.   (Bac. Abr. tit. Game ; 2 Kent, 348.)   The pur-
chase of it at any place other than the market-house was no
violation of such ordinance.   The mayor assumed a jurisdic-
tion that did not belong to him.   The writ of prohibition
was properly issued.   If fish are wild game, the mayor had
no jurisdiction over the act of purchasing.   He was prop-
erly restrainable by prohibition.   (Bac. Abr. tit. Prohibition,
p. 206–230 ; 2 Pet. 449 ; 1 Cond. Rep. 60 ; 77 Eng. Com.
Law R. 696 ; Bull. N. P. 219 ; Sess. Acts, 1855, p. 75, 76.)
The court of common pleas possesses the same powers as the
circuit court.   The objection to the jurisdiction was not
made in the common pleas court and will not be heard here.
(24 Mo. 411 ; 22 Mo. 402 ; 7 Mo. 211 ; 13 Mo. 4 ; 1 Mo.
515 ; 2 Mo. 171 ; 8 Mo. 59 ; R. C. 1855, p. 1300, § 33.)   Not
having filed a plea in bar, it is too late to plead the jurisdic-
tion.   (1 Chitt. Pl. 425 ; 2 Tuck. 254.)

SCOTT, Judge, delivered the opinion of the court.

This proceeding had its source in a writ of prohibition is-
sued by the Cooper court of common pleas to the mayor of
the city of Boonville and others, restraining them from col-
lecting a fine imposed on the plaintiff Wertheimer by the
said mayor for violating an ordinance of said city.   The
twenty-eighth section of the act incorporating the city of
Boonville (Sess. Acts, 1839, p. 299) provides that the mayor
and each justice of the peace within the city shall have juris-
diction of all cases arising under this act and under the
ordinances of the city, subject however to an appeal or *cer-
tiorari*, in all cases above the sum of five dollars, to the cir-
cuit court of Cooper county ; and such appeals and *certiora-*

*ris* shall be granted and taken in the same manner as appeals and writs of *certiorari* are granted and taken from justices of the peace to the circuit courts. The act of February 13, 1847 (Sess. Acts, 1847, p. 185) confers on the mayor exclusive original jurisdiction over all cases arising under the act of incorporation and upon all ordinances of the city.

The following are two sections of an ordinance passed by the city of Boonville for the regulation of the markets of said city: " Sec. 11. Any person who shall purchase during market hours, at any other place in the city than at the market-house, any article required to be sold at the market place, shall, upon conviction, forfeit and pay a fine of five dollars. Sec. 22. Nothing in this ordinance shall be so construed as to prevent any farmer or raiser, or any person or firm who packs beef or pork, from selling his meat by the quarter, or from selling his bacon hams, shoulders or sides, or from selling spare ribs or sausage meat in the winter time, nor so construed as to prohibit the selling of venison or wild game."

Under these ordinances the plaintiff was fined five dollars for purchasing, out of the market house, during market hours, fresh fish. He applied for an appeal, which was refused by the mayor, as by the charter an appeal did not lie unless the fine was over five dollars. The plaintiff maintaining that fresh fish was wild game within the meaning of the ordinance, and that therefore the mayor had exceeded his jurisdiction in fining him for purchasing fresh fish, as such articles were expressly excepted from the ordinance, and applied to and obtained from the Cooper court of common pleas a writ of prohibition on the mayor restraining him from collecting the said fine. On this order or judgment a writ of error has been sued out from this court.

Many reasons were urged why the case should not be looked into nor reviewed by this court. This proceeding falls within that class in which the supreme court will reverse a judgment when on the record it appears that there is no legal foundation for the judgment. No bill of exceptions in such cases is necessary. The case may be disposed of as it

is presented by the plaintiff himself. We conceive that the court below has arrived at a result that is directly against the law. The charter, in providing that appeals and writs of *certiorari* should only be allowed in cases where the fine was over five dollars, intended that in cases where the fine was under that sum the judgment should be final. Surely, it did not contemplate that the simple and plain way of correcting the mistakes of a false judgment by appeal should be taken away and a writ of prohibition substituted in its stead. In denying the appeal in such cases, the law in effect declared that the judgment of the mayor should be final. It is competent to the legislature to make such a judgment final, and having done so, it is the duty of the courts to respect their will. This being so, it is unnecessary to determine whether fresh fish is wild game, or whether the mayor exceeded his authority in punishing the plaintiff for purchasing fresh fish out of the market place during market hours. But we can not understand how the mayor can be said to have exceeded his jurisdiction. If the fine had exceeded five dollars, it is not denied but that the party might have appealed. This shows that an appeal was the appropriate remedy for correcting the false judgment of the mayor, and the appeal being denied by law shows that the general assembly designed that in this case his judgment should be final. It is hard to conceive how the question of jurisdiction can be made to depend on the fact whether the judgment was right or wrong. The mayor unquestionably had authority to decide whether the ordinance had been violated, and after he has determined it, how can it be said he had no jurisdiction? According to the argument, the court had to decide the case before its jurisdiction could be ascertained. If it was of opinion in favor of the plaintiff, it had jurisdiction; if of opinion against him, it had none. In the multiplied number of courts of limited jurisdiction in the English system of jurisprudence, whose powers are regulated by custom and prescription, instances may possibly be found which would warrant the application of the refinement indulged in by the plaintiff in the

case before us; but none can be found, where the superintending court has interfered, where there was a clear intimation of an act of parliament that the judgment of the inferior should be final.

Judge Ewing concurring, judgment reversed.